**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECA SEGOVIA,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | Nos. 09-72359<br>         10-70777<br><br>Agency No. A056-205-128<br><br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted January 30, 2014
Pasadena, California

Before:    CANBY, REINHARDT, and WARDLAW, Circuit Judges.

    In these consolidated cases, Rebeca Segovia, a native and citizen of Mexico,

petitions for review of: (1) an order of the Board of Immigration Appeals ("BIA")

dismissing her appeal from an immigration judge's ("IJ") removal order, and

_____

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(2) the BIA's order denying her motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252.

1. *The BIA Order Dismissing Segovia's appeal.*

Substantial evidence supports the agency's determination that Segovia knowingly encouraged and assisted another alien in seeking entry to the United States in violation of law.[1] *See* 8 U.S.C. § 1182(a)(6)(E)(i); *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005) (requiring an affirmative act of assistance or encouragement in order to establish alien smuggling).

The IJ did not abuse his discretion in denying Segovia's request for a continuance to seek prosecutorial discretion a second time after she had already been granted a long administrative closure for the same purpose.[2] *See* 8 C.F.R. § 1003.29 (IJ has authority to grant a continuance upon a showing of good cause); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We accordingly deny the petition with regard to these two claims.

In reviewing the BIA's dismissal of Segovia's appeal, we lack jurisdiction to consider Segovia's contention that 8 C.F.R. § 287.3(c) required the agency to

---

[1] We review for substantial evidence the agency's factual findings. *Rodriguez-Echeverria v. Mukasey,* 534 F.3d 1047, 1050 (9th Cir. 2008).

[2] We review for abuse of discretion the denial of a motion for a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

suppress her statements given to a border patrol agent. Segovia did not raise this contention to the agency in her direct appeal and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We therefore dismiss this portion of Segovia's petition.

2. *The BIA's Denial of Segovia's Motion to Reopen.*

The BIA did not abuse its discretion in denying Segovia's motion to reopen, which was based on her contention that 8 C.F.R. § 287.3(c) required suppression of her statements to the examining officer.[3] Segovia's contention is foreclosed by *Samayoa-Martinez v. Holder*, 558 F.3d 897 (9th Cir. 2009). We also find nothing in 8 C.F.R. § 287.8(c)(2)(iv) that required Segovia to be warned before she was interrogated by the examining officer. We accordingly deny the petition for review of the BIA's refusal to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

**In No. 09-72359: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**In No. 10-70777: PETITION FOR REVIEW DENIED.**

---

[3] We review for abuse of discretion the denial of a motion to reopen. *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010).

3